IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DAVID A. JOHNSON,

Plaintiff,

vs.

EQUILON ENTERPRISES, L.L.C., a
Joint Venture of Shell Oil Company and Texaco,
Inc., and RAYTHEON CONSTRUCTORS, INC.
n/k/a WASHINGTON GROUP INTERNATIONAL,

Defendants.
_____

EQUILON ENTERPRISES LLC and
WASHINGTON GROUP INTERNATIONAL, INC.,

Third-Party Plaintiffs,

vs.

INDUSTRIAL REFRACTORY SPECIALISTS,

Third-Party Defendant.                               No. 04-CV-00457-DRH

MEMORANDUM AND ORDER

HERNDON, District Judge:

Defendants Equilon Enterprises, LLC ("Equilon") and Washington Group International, Inc. ("Washington Group"), filed a third-party complaint against Industrial Refractory Specialists **(Doc. 27)**. The third-party complaint alleges that Plaintiff David A. Johnson ("Johnson") was employed by Industrial Refractory Specialists and Industrial Refractory Specialists negligently caused, in

whole or in part, the injuries to Johnson. The third-party complaint seeks contribution from Industrial Refractory Specialists pursuant to the Illinois Joint Tortfeasor Contribution Act, **740 ILCS 100, *et seq.***, "in an amount commensurate with the relative culpability of [Industrial Refractory Specialists] in causing plaintiff's alleged injuries" **(Doc. 27, Third-Party Complaint at ¶ 8)**. In the *ad damnum* clause, Equilon and Washington Group "pray that if judgment is rendered against them in favor of plaintiff, then judgment is entered against Industrial Refractory Specialists in an amount equal to its pro rata fault, plus their costs of suit" **(Doc. 27)**.

Now before the Court is Industrial Refractory Specialists' motion to strike the *ad damnum* clause in the third-party complaint **(Doc. 33)** and Equilon's and Washington Group's motion to strike Industrial Refractory Specialists' first affirmative defense[1] **(Doc. 38)**. In support of its motion, Industrial Refractory Specialists relies on the Illinois Supreme Court's decision in ***Kotecki v. Cyclops Welding Corp.,* 585 N.E.2d 1023, 1028 (Ill. 1991)**, holding that an employer sued as a third-party defendant can be held liable in contribution only for the amount of the employer's statutory liability under the Illinois Workers' Compensation Act, **820**

---

[1]Industrial Refractory Specialists first affirmative defense reads as follows:

> Industrial Refractory Specialists has filed a motion to strike third-party plaintiffs' prayer for damages as it seeks amounts in excess of the maximum allowed exposure of any employer under ***Kotecki v. Cyclops Welding Corp.***

**(Doc. 32, Affirmative Defenses at ¶ 1)**.

**ILCS 305/1,** *et seq.* Industrial Refractory Specialists reasons that because Equilon and Washington Group seek contribution from it that is not limited to its statutory liability under the Illinois Workers' Compensation Act, the *ad damnum* clause should be stricken.

In response, Equilon and Washington Group argue that Industrial Refractory Specialists waived its **Kotecki** protection pursuant to its contract with Equilon because Industrial Refractory Specialists contracted to "pay any settlement or judgment resulting therefrom" **(Doc. 36, Ex. A, p. 2, ¶ 14)**. *See Braye v. Archer-Daniels-Midland Co.,* **676 N.E.2d 1295, 1301 (Ill. 1997)(holding that an employer may enter into a valid and enforceable agreement to waive the *Kotecki* limitation on the employer's contribution liability)**. Industrial Refractory Specialists responds by distinguishing **Braye** and arguing that in this case the contract's language fails to limit the contribution solely to the employer's own negligence. Industrial Refractory Specialists points out that the contract states: "It is the intention of the parties hereto that the indemnity and hold harmless obligations of the vendor are without regard to whether negligence, fault, or strict liability of an indemnified party is a concurrent or contributory factor" **(Doc. 36, Ex. A, p. 2, ¶ 14)**. Industrial Refractory Specialists also argues that the contract violates the Illinois Construction Contract Indemnification for Negligence Act, **740 ILCS 35/1**, and is void and unenforceable. The Anti-Indemnity statute provides:

> With respect to contracts or agreements, either public or private, for the construction,

>alteration, repair or maintenance of a building, structure, highway bridge, viaducts or other work dealing with construction, or for any moving, demolition or excavation connected therewith, every covenant, promise or agreement to indemnify or hold harmless another person from that person's own negligence is void as against public policy and wholly unenforceable.

**740 ILCS 35/1**. Therefore, Industrial Refractory Specialists asserts there is no *Kotecki* waiver and the *ad damnum* clause should be struck.

The Court agrees with Industrial Refractory Specialists and finds that the *ad damnum* clause should be stricken. While ***Braye*** allows an employer to agree to remain liable for the full amount of damages attributable to its own negligence notwithstanding the ***Kotecki*** cap, the Court finds there is no ***Kotecki*** waiver here and in fact the contract appears to violate the Illinois Anti-Indemnity statute. Accordingly, the Court **GRANTS** Third-Party Defendant's, Industrial Refractory Specialists, Motion to Strike Prayer for Damages **(Doc. 33)** and **DENIES** Third-Party Plaintiffs', Equilon and Washington Group, Motion to Strike Third-Party Defendant's Affirmative Defense No. 1 **(Doc. 38)**. The *ad damnum* clause in the third-party complaint is **STRICKEN**.

**IT IS SO ORDERED.**

Signed this 28th day of April, 2005.

                                 /s/   David RHerndon
                              **United States District Judge**